**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **OLGA COSME,** | ) | **CASE NO. 1:17CV535** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objections (ECF DKT #15) to the Report and Recommendation (ECF DKT #14) of Magistrate Judge David A. Ruiz, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 et seq. ("Act"). For the following reasons, the Court ADOPTS Magistrate Judge Ruiz' Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

1

**BACKGROUND**

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see Magistrate Judge Ruiz' Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On July 30, 2013, Plaintiff filed an application for SSI benefits, alleging disability beginning July 30, 2013. Plaintiff's application was denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on August 12, 2015. Plaintiff appeared at the hearing, was represented by counsel and testified. On January 29, 2016, the ALJ issued his decision that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.

On March 15, 2017, Plaintiff filed the instant Complaint challenging the Commissioner's final decision and asserting that the ALJ failed to include in the findings limitations Plaintiff's need to elevate her leg throughout the day and Plaintiff's inability to communicate in English. On January 24, 2018, the Magistrate Judge issued his Report and Recommendation. On February 1, 2018, Plaintiff filed her Objections to the Magistrate Judge's Report and Recommendation. In Plaintiff's Objections, she specifically objects to the ALJ's conclusion that Plaintiff can communicate in English and thus, could perform a significant number of available jobs. Plaintiff has not objected to the Magistrate Judge's conclusion that the ALJ's decision discounting Plaintiff's need to elevate her leg was supported by substantial evidence. Therefore, the Court will adopt the Magistrate Judge's determination and not address this issue further.

**STANDARD OF REVIEW**

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011). Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)). "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

## LAW AND ANALYSIS

A claimant is entitled to receive SSI benefits only when she establishes disability within the meaning of the Social Security Act. See 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a).

Judicial review of the Commissioner's benefits decision is limited to a determination of whether the ALJ applied the correct legal standards, and whether the findings of the ALJ are supported by substantial evidence*. Blakley v. Commissioner of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003)*; Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Wright*, 321 F.3d at 614; Kirk, 667 F.2d at 535.

In this case, the ALJ found that Plaintiff can communicate in English, although in a limited manner. The ALJ considered that a previous attorney, a disability report filed by Plaintiff and Plaintiff herself undermine Plaintiff's contention that she is unable to communicate in English. The Magistrate Judge points out that there is a distinction between the ability to communicate in a language and being fluent in a language. Courts have noted that the ability to communicate in English is not dispositive to the determination of disability:

> While illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance.

*Rivera v. Commissioner*, No. 3:13CV772, 2014 WL 4956224, at *13 (N.D. Ohio Sept. 30, 2014) (quoting *Deaton v. Commissioner*, No. 08-5249, 2009 WL 585788, at *5 (6th Cir. Mar. 5, 2009)); see also *Medina v. Berryhill*, No. 1:16CV02524, 2017 WL 3601917, at *7 (N.D. Ohio Aug. 22, 2017) (quoting 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(I)).

The Court agrees with the Magistrate Judge that the ALJ's decision on this matter was supported by substantial evidence. Additionally, the Court notes that Plaintiff is defined as a younger individual at 29 years old on the Application date, and is certainly capable of taking advantage of the opportunities provided by many communities to increase her language skills by taking English as a Second Language classes. Clearly, Plaintiff is not suffering from "...any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a). Plaintiff's ability to obtain gainful employment is well within her purview.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for

4

Supplemental Security Income is supported by substantial evidence.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #14) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: 2/13/2018**

*s/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**